J. Wes **JOHNSON** et al., Appellants,

v.

Stanley **RUSTIC**, Appellee.

No. 4843.

Court of Civil Appeals of Texas.

Waco.

Oct. 30, 1969.

Rehearing Denied Nov. 20, 1969.

Harrison, Curtis & Cooper, Ginsberg & Crowder, Dallas, for appellants.

Estep, Waters & Stevenson, John Fox Holt, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Johnson et al, from a judgment in favor of plaintiff Rustic for $154,640, for liquidated damages for breach of a buy-sell contract.

Defendants agreed to sell and plaintiff agreed to buy certain undivided interests in oil and gas properties owned by defendants. The contract provided, by means of a liquidated damages clause, that upon defendants' failure to furnish plaintiff within 45 days after closing, "the necessary evidence of title to the undeveloped acreage (defendants) agree to pay to Rustic $40. per acre for each acre to which acceptable title opinions are not given to Rustic within the said 45 day period."

At the close of the evidence 2 special issues were submitted to, and answered by the jury, as follows:

#1. Do you find from a preponderance of the evidence that (defendants) within 45 days after October 22, 1962, did not furnish to (plaintiff), or his representative, title opinions showing good and marketable title to all of the undeveloped acreage listed in the agreement in question (Plaintiff's Exhibit #1)?

ANSWER: They did not.

#2. Find from a preponderance of the evidence the number of undeveloped acres for which title opinions, inquired about in the preceding issue, were not furnished. . . . .

ANSWER: Approximately 4,295 acre.

Thereafter the trial court entered judgment for plaintiff for $154,640. (4295 acres less 10% deviation on the amount of acreage multiplied by $40.).

Defendant appeals on 3 points contending:

1) There is no evidence to support the jury's finding that defendants failed to furnish plaintiff with title opinions showing good and marketable title to 4,295 acres.

2) There is insufficient evidence to support the jury's finding that defendants failed to furnish plaintiff with title opinions showing good and marketable title to 4,295 acres.

Defendants assert in their brief "the precise question before the court is whether or not, (plaintiff) introduced legally and factually sufficient evidence, if any, so as to prove up the exact number of acres contained in the undeveloped tract in question, as well as to prove up the exact number of acres to which title opinions, showing good and marketable title were not furnished."

Defendant testified that he furnished title opinions showing good and marketable title to all of the undeveloped acreage. Plaintiff and plaintiff's attorney both testified that none were ever furnished, and plaintiff testified that he requested defendant to furnish title opinions ten or twelve times, but that same were never furnished.

The Buy-Sell agreement was introduced into evidence. It called for approximately 4295 acres, and described 3999.79 acres by Sections, half sections and quarter sections in Converse County, Wyoming; and the same acreage is described in the assignment executed by defendants. Defendant testified that all properties in the two exhibits were situated in Converse County, Wyoming; and explained that the agreement and assignment were short two leases.

Upon motion by plaintiff the court reduced the number of acres called for by 10%, and calculated judgment on the basis of 3865.5 acres;—(to which action defendant made no objection).

We think the evidence ample to support the findings of the jury. Defendants points and contentions are overruled.

Affirmed.